UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JERMAINE DODD, | ) |
| | ) |
| Petitioner, | ) |
| | )   NO. 2:04-CV-304 PS |
| vs. | ) |
| | ) |
| STAN KNIGHT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Jermaine Dodd filed a petition pursuant to 28 U.S.C. § 2254, challenging his 2001 Lake County conviction for murder. The Response to the order to show cause filed by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). Petitioner filed a traverse. For the following reasons, the Court denies Dodd's Petition in part. As for the remaining ground for relief, we appoint counsel to Dodd and defer ruling on the matter until further briefing and oral argument have been completed.

## I.  FACTS

The facts as detailed below come from the Indiana trial court's opinion from the post-conviction petition in this matter. *See Dodd v. Indiana*, 45G02-0203-PC-3 (Lake Superior Ct., Nov. 1, 2002) [DE 9 at 16-19]. The state court found that the evidence presented at Petitioner Dodd's murder trial established these facts. *Id.* at 1. On November 5, 1998, Dodd and his stepbrother, Eric Fitzgerald, were involved in an altercation with Jerome Thomas. *Id.* Dodd and Fitzgerald left after the dispute but then returned later in Dodd's car. *Id.* Dodd drove past a parked car in which Thomas and two friends were listening to music. *Id.* As Dodd's car drove

past the parked car, witnesses saw two guns shooting from Dodd's car. *Id.* Thomas was shot in the abdomen and consequently died from his injuries. *Id.*

## II.  PROCEDURAL HISTORY

The procedural history of this matter is rather convoluted, but a full description of it is necessary for the disposition of the matters before the Court. At a trial by jury, Petitioner Dodd was convicted of murder on June 15, 2001. *Id.* at 2. Attorney Patrick Young represented Dodd during the trial. Docket, *Indiana v. Dodd*, 45G02-9811-CF-211 (Lake Superior Court), at 2, Resp. Ex. A [DE 14]. The state court sentenced Dodd to sixty years in prison on July 19, 2001. *See id.*; *Dodd v. Indiana*, 45G02-0203-PC-3, at 2 [DE 9 at 16-19]. Dodd, via appellate counsel Nathaniel Ruff, filed a direct appeal of his conviction on August 17, 2001. Docket, *Indiana v. Dodd*, 45G02-9811-CF-211, at 1, Resp. Ex. A [DE 14]. On January 9, 2002, Dodd sought permission to return his case to the trial court to take additional evidence for his appeal or for a petition for post-conviction relief. Docket, *Dodd v. Indiana*, 45 A 03-108-CR-276 (Ind. Ct. App.), at 2, Resp. Ex. B [DE 14]. The Indiana Court of Appeals granted Dodd's request on January 16, and remanded the case to the Lake Superior Court. *Id.*

Dodd filed a petition for post-conviction relief on March 6, 2002, arguing several issues, including ineffective assistance of trial counsel because counsel advised Dodd not to testify in his own defense. *Dodd v. Indiana*, 45G02-0203-PC-3, at 2 (Lake Superior Ct. Nov. 1, 2002) [DE 9 at 16-19]; *see also Dodd v. Indiana*, Pet. for PCR, filed Mar. 6, 2002 [DE 19-1 at 6-15]. The trial court held a hearing on July 18, 2002, where Dodd was represented by attorney Nathaniel Ruff. *Dodd v. Indiana*, 45G02-0203-PC-3, at 2, 4 (Lake Superior Ct. Nov. 1, 2002) [DE 9 at 16-19]. The court denied Dodd's petition on November 1, 2002 after concluding that

2

the trial counsel was not ineffective for advising Dodd not to testify. *Id.* at 1, 4. It further found that, because trial counsel was not questioned about the other claims raised in Dodd's Petition, those claims were waived. *Id.* Dodd appealed on November 18, 2002. Docket, *Dodd. v. Indiana*, 45G02-203-PC-3, at 1 (Lake Superior Ct.), Resp. Ex. C [DE 14]. On June 10, 2003, the Indiana Court of Appeals affirmed the trial court's finding that Dodd's trial counsel was not ineffective when he advised Dodd not to testify during the trial. *Dodd v. Indiana*, 45 A05-211-PC-557, at 8 (Ind. Ct. App. June 10, 2003), Resp. Ex. H [DE 14]. *See also Dodd v. State*, 790 N.E.2d 620 (Ind. Ct. App. June 10, 2003). Dodd then filed a petition to transfer to the Indiana Supreme Court on July 10, 2003. Docket, *Dodd v. Indiana*, No. 45A05-211-PC-557, at 3, Resp. Ex. D [DE 14]. The supreme court denied the petition on August 28, 2003. *Dodd v. Indiana*, 45A05-211-PC-557 (Ind. August 28, 2003) [DE 9 at 20].

Dodd filed a writ of habeas corpus petition with this Court on August 16, 2004 [DE 3]. On October 4, he filed a motion for a stay until he exhausted all state court procedures. (Mot. to Hold Pet. in Abeyance at 1 [DE 6].) Specifically, Dodd wished to file a successive petition for post-conviction relief for ineffective assistance of post-conviction counsel that he had not raised in his original habeas petition. *Id.* at 2. The Court granted his request. (10/28/04 Ord. [DE 7].)

Dodd meanwhile had already filed in state court a post-conviction relief petition, alleging ineffective assistance of his appellate/post-conviction counsel (Nathaniel Ruff), on September 27, 2004. *Dodd v. Indiana*, Successive Pet. for PCR, filed Sept. 27, 2004 [DE 19-1 at 16-DE 19-2 at12]. The Indiana Court of Appeals declined to authorize the filing of the successive petition in the trial court, effectively dismissing Dodd's post-conviction claim. *Dodd v. Indiana*, No. 45A03-409-SP-443 (Ind. Ct. App. Nov. 8, 2004) [DE 9 at 22]. He then filed another successive

3

post-conviction relief petition on December 6, 2004, alleging the same claims – ineffective assistance of trial and post-conviction counsel. *Dodd v. Indiana*, Successive PCR, filed Dec. 6, 2004 [DE 19-2 at 13-DE 19-3 at 10]. The appellate court again refused to authorize the filing of Dodd's successive petition in state trial court. *Dodd v. Indiana*, No. 45A03-412-SP-550 (Ind Ct. App. January 24, 2005) [DE 9 at 24]. Dodd attempted to exhaust state court procedures one last time – he petitioned the Indiana Court of Appeals for a rehearing regarding its dismissal of Dodd's claim of ineffective assistance of trial and post-conviction counsel. *Dodd v. Indiana*, Pet. for Rehrg., filed Feb. 17, 2005 [DE 19-3 at 11-19-4 at 15]. The appellate court denied the petition. *Dodd v. Indiana*, 45A03-412-SP-550 (Ind. Ct. App. April 26, 2005) [DE 9 at 26].

On May 27, 2005, Dodd submitted an amended § 2254 petition [DE 9] to this Court.

### III.  DISCUSSION

In his § 2254 petition, Dodd raises three issues. First, he alleges that his trial counsel Patrick Young was ineffective when he advised Dodd not to testify during the jury trial. Second, Dodd claims that his post-conviction counsel Nathaniel Ruff was ineffective because he failed to raise or preserve several other errors made by trial counsel, in Dodd's post-conviction petition. Third, Dodd maintains that he is entitled to an evidentiary hearing.

**A.     Ineffective Assistance of Trial Counsel**

Dodd's first claim is that his trial counsel inappropriately advised him not to testify at trial. Dodd claims that trial counsel inaccurately told Dodd that if he testified, the State could impeach him with a pending unrelated murder charge and evidence of his flight from the jurisdiction. *Dodd v. Indiana*, 45G02-0203-PC-3, at 2 (Lake Superior Ct. Nov. 1, 2002) [DE 9 at 16-19]. Respondent argues that this claim should be denied because the Indiana Court of

4

Appeals "correctly and reasonably found that [Dodd] received the effective assistance of counsel" at his trial. (Resp. Mem. at 4.)

As provided by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant a petition for habeas corpus based on any claim adjudicated in state court proceedings "unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "'Contrary to' means that a federal court may grant the writ only if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts." *Woods v. McBride,* 430 F.3d 813, 816 (7th Cir. 2005) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

In *Strickland v. Washington*, the Supreme Court determined that a party claiming ineffective assistance of counsel must demonstrate that the alleged acts or omissions of counsel were not the product of "reasonable professional judgment." 466 U.S. 668, 690 (1984). This standard is deferential; counsel is presumed to have acted in a reasonable and professional manner. *See id.*

To decide Dodd's claim, the Indiana Court of Appeals applied the familiar two-part test to determine ineffectiveness. As the court noted,

> [t]o succeed before the fact finder on his claim of ineffective assistance of counsel, Dodd needed to prove by a preponderance of the evidence not only that his trial counsel's representation fell

5

> below an objective standard of reasonableness, but also that his counsel's errors were so serious as to deprive him of a fair trial because of a reasonable probability that, but for counsel's unprofessional errors, the result would have been different.

*Dodd v. Indiana*, 45A05-211-PC-557, at 3-4 (citing *Stevens v. State*, 770 N.E.2d 739, 746 (Ind. 2002)), Resp. Ex. H [DE 14]. The Court of Appeals then correctly noted that "[i]solated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective." *Id.* at 4 (citing *Stevens*, 770 N.E.2d at 746).

Using these standards, the Indiana appeals court reviewed Dodd's claim. First, the appellate court found that the trial court's findings of fact were not clearly erroneous. *Id.* at 7. The trial court held a hearing at which Dodd and his trial counsel testified. *Id.* at 5. Dodd testified that on many occasions he and his lawyer discussed whether he should testify. *Id.* He further stated that his counsel said that, if Dodd testified, the State could impeach him with a unrelated pending murder charge because Dodd was released on his own recognizance for the murder at issue when he committed the other crime. *Id.* Moreover, trial counsel allegedly told Dodd that, if he testified, evidence of his flight from the jurisdiction and following extradition would be admissible. *Id.*

For his part, trial counsel stated that he had numerous conversations with Dodd about whether or not he should testify, but that ultimately the choice was always Dodd's. *Id.* In the end, Dodd followed counsel's advice not to testify. *Id.* Counsel testified that he told Dodd that the trial was going well for Dodd until the testimony from Dodd's co-defendant. *Id.* His co-defendant's testimony painted Dodd in a bad light. *Id.* Nevertheless, counsel still advised Dodd not to testify because he was concerned that Dodd would be unable to articulate his version of

6

the events in a credible manner. *Id.* Trial counsel further testified that, although he didn't recall telling Dodd that the pending murder charge could be raised if he testified, he didn't believe he did so because that charge had not been reduced to a conviction. *Id.* More to the point, trial counsel was concerned that Dodd would open the door to the pending murder charge on cross-examination. *Id.*

After listening to the testimony of Dodd and his trial counsel, the state court found that the trial counsel "did not misinform Dodd about the circumstances under which the pending murder charge could have been raised if Dodd had testified." *Id.* at 6-7. Thus, it decided that there was no evidence that trial counsel's performance fell below prevailing professional norms, or that Dodd was prejudiced by any act or omission of trial counsel. *Dodd v. Indiana*, 45G02-0203-PC-3, at 4 [DE 9 at 16-19].

The appellate court found that there was sufficient evidence, despite evidence also to the contrary, to support the trial court's holding that trial counsel did not erroneously advise Dodd. *Dodd v. Indiana*, 45A05-211-PC-557, at 7, Resp. Ex. H [DE 14]. It therefore accepted the trial court's factual findings, and affirmed the trial court's decision that trial counsel did not render ineffective assistance of counsel. *Id.* at 7.

The appellate court also raised a second basis for affirming the state court decision. It held that trial counsel's advice that Dodd not testify was a strategic decision. *Id.* The court stated:

> [Trial counsel] explained that he did not believe Dodd would be able to articulate his version of the events in a credible manner and that he was concerned Dodd would open the door for the State to be able to use the pending murder charge. Regardless of whether he actually misinformed Dodd about the ability of the State to use the pending charge if Dodd

7

>testified, the other issues [trial counsel] cited were proper considerations
>in determining whether it was advisable for Dodd to testify.

*Id.*  The court thus refused to condemn trial counsel who "should be given deference in choosing a trial strategy that, at the time and under the circumstances, seems best." *Id.* at 7-8 (citing *Whitener v. State*, 696 N.E.2d 40, 42 (Ind. 1998).  Because the court of appeals found that Dodd's representation didn't fall below the objective standard of reasonableness, it did not address the second prong of the ineffective assistance of counsel test – whether or not trial counsel's performance prejudiced Dodd.  *Id.* at 8.

This Court, when reviewing factual findings in a state adjudication of an ineffective assistance claim, "must presume that all factual determinations made by the state courts, including credibility determinations, are correct, unless rebutted by clear and convincing evidence."  *Murrell v. Frank,* 332 F.3d 1102, 1112 (7th Cir. 2003) (citation and emphasis omitted).  Dodd has not presented any such evidence to refute the trial court's or the appellate court's findings of fact.  We therefore accept the state courts' findings as true.

Through this lens, we must find that the Indiana Court of Appeals' decision was not contrary to, or an unreasonable application of, federal law.  The state appellate court gave the appropriate level of deference to the decisions made by Dodd's trial counsel, and properly applied the "reasonable professional judgment" standard.  Accordingly, the claim of ineffective assistance of trial counsel does not present an appropriate ground for habeas relief.

**B.      Ineffective Assistance of Appellate/Post-Conviction Counsel**

Dodd's second claim is more troubling.  In general, Dodd is complaining about the performance of his appellate counsel, Nathaniel Ruff.  To put it bluntly, the record that was

8

provided to the Court in this case is murky at best, and Respondent has not assisted the Court in deciphering it.  What appears to have happened, although we cannot be certain, is that Ruff was appointed to represent Dodd in his direct appeal.  Ruff then filed a notice of appeal but the appeal was later dismissed so that Dodd could file a PCR instead.  It is not at all clear why Ruff would choose to jettison a direct appeal to immediately proceed to a PCR.  No answer is readily apparent from the record.  In any event, Respondent concedes that, after losing in the trial court on his PCR, Dodd "had a joint direct appeal and post-conviction relief proceeding."  Resp. Mem at 6.  In that joint appeal, Ruff only raised one issue – the ineffectiveness of trial counsel Patrick Young.

Respondent argues that Dodd's claim of Ruff's ineffective is not cognizable on federal habeas review because ineffective assistance of post-conviction counsel is not itself a cognizable federal constitutional violation.  (Resp. Mem. at 5-6.)  It cites *Steward v. Gilmore*, 80 F.3d 1205, 1212 (7th Cir. 1996) for this principle.  *Id.* at 6.  However, the application of that case to this situation is not so straight-forward.  As mentioned and as conceded by Respondent, Ruff served as both PCR counsel and direct appellate counsel.  Respondent argues that "[w]hile claims of appellate counsel's ineffectiveness would be available on habeas review[, Dodd] does not identify any claims counsel should have made as direct appeal claims."  (*Id.*)  But this simply isn't the case.  Both Dodd's Petition Notifying Readiness with Request to Amend Habeas Corpus and Appoint Counsel [DE 10 at 4-5] and his traverse (Pet. Traverse at 4 [DE 18]) specify which claims Ruff should have made as direct appeal claims.  In particular, Dodd alleges trial errors involving several aspects of the trial – including joinder with the accomplice during trial, improper or insufficient jury instructions, the introduction of his co-defendant's statement, and

9

other claims – that possibly should have been raised by his appellate lawyer, but were not. Thus, while Respondent admits that claims of appellate counsel's ineffectiveness generally would be available for review before this Court, he then fails to explain why such a claim is unavailable here. (*Id.*) It may well be that Dodd's appellate lawyer reasonably determined, for whatever reason, that these potential appellate claims were not cognizable and made a professional judgment not to pursue them. But we cannot assume that to be the case.

In sum, Respondent's Memorandum in response to Dodd's claim of ineffective assistance of appellate counsel is insufficient because it does not address the alleged ineffectiveness of appellate counsel Ruff. This case needs a fresh start. Newly appointed counsel for Dodd (more on that in a moment) is directed to amend the habeas petition and focus the claim on whether Dodd received ineffective assistance of appellate counsel (or any other claims not disposed of in this Order). The amended petition should be filed on or before March 15, 2007. Respondent is then ordered to file an amended response addressing the specific issues raised by Dodd by April 15, 2007. Any traverse by Dodd will then be due no later than May 15, 2007. The Court will review the filings, and set this matter for oral argument thereafter.

**C.     Request for Evidentiary Hearing**

Dodd argues that he is entitled to an evidentiary hearing either in federal or state court because he is "not being offered any fair or meaningful [way] to prepare or defend himself in this matter, and this is the reason that Mr. Dodd should be afforded an amendment, evidentiary hearing and counsel, if possible." [DE 10 at ¶ 11].

28 U.S.C. § 2254 (e)(2) states:

If the applicant has failed to develop the factual basis of a claim in State court

10

>proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
>>(A) the claim relies on–
>>
>>>(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>>(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>>
>>(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

At this point in the case, Dodd has not fulfilled one of the reasons required by the statute. Therefore, at this time, Dodd's request for an evidentiary hearing is denied.

**D.     Appointment of Counsel**

Dodd filed a Motion to Alter or Amend [DE 21] requesting, among other things, that this Court vacate its earlier ruling denying Dodd appointment of counsel. Appointment of counsel is left to the discretion of the district court. *See Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (citing 18 U.S.C. § 3006A(a)(2)(B)). The Court, after review of the case record, is now convinced that Dodd's claim of ineffective assistance of appellate counsel is sufficiently complex to require counsel. Accordingly, this Court now vacates its previous ruling and grants Defendant's Motion to Alter or Amend, such that Petitioner is now appointed counsel. James Golden, Esq. at Kirkland & Ellis LLP is appointed pro bono counsel. Any other relief sought by Dodd's Motion to Alter or Amend is denied.

11

## IV.  CONCLUSION

Accordingly, the Court:

(1) **DISMISSES** Petitioner's claim of ineffective assistance of trial counsel;

(2) **DISMISSES WITHOUT PREJUDICE** Petitioner's request for an evidentiary hearing;

(3) **ORDERS** Petitioner to amend his habeas petition by March 15, 2007 regarding Petitioner's claim of ineffective assistance of appellate counsel (or any other issues not disposed of by this Order) and **ORDERS** Respondent to respond to the amended petition by April 15, 2007; any traverse will be due from Petitioner by May 15, 2007;

(4) **GRANTS** Petitioner's Motion to Alter or Amend [DE 21] as it relates to his request for appointment of counsel; and accordingly, James Golden, Esq. of Kirkland & Ellis LLP is appointed as pro bono counsel; and,

(5) **DENIES** Petitioner's Motion to Alter or Amend [DE 21] such that it relates to any other relief sought by Petitioner.

**SO ORDERED.**

ENTERED: January 5, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
